DLD-012                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2032
_____

IN RE: RICHARD EDWARD WEBER,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 1:24-cv-00341)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 16, 2025

Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed October 27, 2025)
_____

OPINION*
_____

PER CURIAM

        Pennsylvania inmate Richard Edward Weber initiated in the District Court a pro se

civil rights action related to the seizure of his computer. The District Court entered an

order granting Weber leave to proceed in forma pauperis (IFP). That same day, Weber's

amended complaint was filed on the docket. The defendants responded to the amended

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint with a dispositive motion. The June 27, 2025 deadline for filing an opposition to the defendants' motion came and went; the only document Weber has filed with the District Court in the last several months is a change-of-address notice.

Between the filings of Weber's amended complaint and the defendants' dispositive motion, see Pet. 13, Weber filed in this Court a pro se petition for a writ of mandamus. In that petition, Weber requested that we order the District Court "to rule on the pending IFP motion and/or deem the complaint filed to allow the petitioner to litigate his case[.]" Pet. 1.*

Because the District Court had already taken the action his petition now seeks to compel, Weber does not satisfy any part of the standard for mandamus relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (requiring "that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances") (citation and internal quotation marks omitted). We will deny his petition, accordingly.

---

* Weber also sought an order directing the District Court to "Rule on all outstanding motions." Pet. 3. Weber drafted the mandamus petition before the defendants had filed their dispositive motion, so that motion is not fairly included in the scope of the relief requested in Weber's petition.